IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DANIEL R. FERNANDEZ and
DAX J. LONETTO, SR., PLLC,

     Appellants,

v.

DEPARTMENT OF HEALTH,
BOARD OF MEDICINE,

     Appellee,

and

BACTES IMAGING
SOLUTIONS, INC., and
HEALTHPORT
TECHNOLOGIES, LLC,

     Intervenors.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-0050

Opinion filed April 11, 2017.

An appeal from an order of the Division of Administrative Hearings.

David M. Caldevilla and Nicolas Q. Porter of de la Parte & Gilbert, P.A., Tampa; and Scott R. Jeeves, St. Petersburg, for Appellants.

Pamela Jo Bondi, Attorney General, Marlene K. Stern and Edward Tellechea, Assistant Attorneys General, Tallahassee, for Appellees.

Michael Fox Orr and Amanda E. Ferrelle, Jacksonvile, for Intervenor Bactes Imaging Solutions, Inc.

Dan R. Stengle, Tallahassee, for Intervenor HealthPort Technologies, LLC.

BILBREY, J.

Appellants, petitioners below, appeal the Administrative Law Judge's final order which held that the adopted but not yet ratified amendment to rule 64B8-10.003, Florida Administrative Code, was not an invalid exercise of the legislative authority delegated to the Department of Health, Board of Medicine. Appellants fail to establish that the adopted amendment, and therefore this appeal, are moot.[1] Appellants also fail to establish any ground under section 120.68(7), Florida Statutes, upon which the ALJ's final order must be set aside and remanded for further agency action. Because the ALJ correctly determined that the amendment was within the Board's rulemaking authority, we affirm the order.

The rule 64B8-10.003 which is currently in effect, titled "Costs of Reproducing Medical Records," provides that licensed physicians may charge patients and governmental entitles "the reasonable costs of reproducing copies of written or typed documents or reports" not to exceed $1.00 per page for the first 25 pages, and not to exceed 25 cents per page in excess of 25 pages. Other entities requesting copies of such documents may be charged up to $1.00 per page

---

[1] Appellants raised the issue of mootness by a motion and in their briefs. However, Appellants never dismissed their appeal as allowed by rule 9.350(b), Florida Rules of Appellate Procedure.

regardless of the number of pages. The adopted but not yet ratified amendment to rule 64B8-10.003 eliminates the reduction in costs for pages in excess of 25 pages requested by patients and government entitles, setting the price ceiling of $1.00 per page for all pages for all requestors. The Board's legislative authority to enact and amend the rule is granted by sections 456.057(17) and 458.309, Florida Statutes.

Starting with the first notice published in the Florida Administrative Register on October 30, 2012, the Board conducted rulemaking proceedings pursuant to section 120.54, Florida Statutes. Following the requisite notices, the Board conducted ten public hearings and received written and oral comments from multiple interested parties. On March 4, 2015, at the tenth public hearing, the Board determined that the amendment would increase regulatory costs to such an extent that a revised statement of estimated regulatory costs (SERC) was necessary and that in order for the amendment to take effect legislative ratification was required. See § 120.541(2)-(3), Fla. Stat.

The revised SERC and changes to the proposed rule amendment based on comments and testimony received at the public hearings were noticed and published on March 12, 2015. Appellants each filed their petitions for administrative hearing on March 31, 2015. After the final administrative hearing, the ALJ's final order was entered December 8, 2015.

Thereafter, the Board submitted the proposed amendment to the President of

3

the Senate and Speaker of the House of Representatives with a request for legislative ratification during the 2016 legislative session. See § 120.541(3), Fla. Stat. The Board also filed the rule amendment with the Department of State for adoption, pursuant to section 120.54(3)(e), Florida Statutes. Pursuant to section 120.541(3), however, even though adopted, the amendment to rule 64B8-10.003 could not "take effect until it is ratified by the Legislature."

The rule amendment was not ratified during the 2016 legislative session, but the Board has not taken any action to withdraw the amendment to date. Accordingly, the amendment is currently adopted, but not effective. See §§ 120.54(3)(d)3., Fla. Stat. (governing modification and withdrawal of rules at various procedural stages); 120.54(3)(e)5.-6., Fla. Stat. (requiring withdrawal if rule not adopted within time limits; setting separate times at which a rule is "adopted" and when "effective.").

We first address the status of the adopted amendment to the rule and whether the amendment and therefore this appeal of the ALJ's order is moot due to the lack of legislative ratification of the amendment as required by section 120.541(3), Florida Statutes (2016). The issue is whether, as argued by Appellants, the failure of the Legislature to ratify the proposed amendment during the 2016 legislative session, and thus the failure of the amendment to become "effective," renders the amendment "dead" and the appeal of the ALJ's order moot due to the expiration of

4

statutory time limits for adoption and effectiveness of the rule. We hold that the failure of ratification in the 2016 legislative session does not put an end to the rulemaking proceedings for the amendment here and does not render this appeal moot.

The failure of the Legislature to take up the Board's request for ratification of the amended rule upon its submission to the President of the Senate and Speaker of the House does not preclude ratification in future legislative sessions. Although section 120.541(3) is a fairly recent statute — adopted in 2010 — renewals of other rule ratification requests which carried over to successive years' legislative sessions have already occurred. See Eric H. Miller and Donald J. Rubottom, Legislative Rule Ratification: Lessons from the First Four Years, 89 Fla. Bar J. 36, 40 (February 2015). For instance, a Department of Financial Services rule adopting a workers' compensation provider reimbursement manual was first submitted for legislative ratification under section 120.541(3) in the 2012 session, but was not considered by the Legislature during that session. A House Bill to ratify the workers' compensation rule was filed for the 2013 session, but was again not considered. Miller & Rubottom, *supra,* at 38. The Department renewed its request for ratification of the rule and re-submitted it to the Speaker of the House for the 2014 session, but the Legislature again did not consider legislation ratifying

the rule. <u>Id.</u> at 38. Finally, the rule was withdrawn in 2015.[2] Fla. Admin. Code R. 69L-7.020. Clearly, the fact that the rule was not ratified on the first attempt in 2012 did not "kill" the proposed rule amendment and end the Department's ability to renew the request for ratification in subsequent sessions.

The Board is also not required to withdraw the proposed rule due to the lack of ratification to date. Section 120.54(3)(d), Florida Statutes, addresses modification and withdrawal of proposed rules. For a rule that is adopted but not ratified, the Board has the option of withdrawing the rule but is not required to do so. § 120.54(3)(d)3.c., Fla. Stat. Appellants would improperly read into the statute a deadline for ratification and a requirement for withdrawal if a rule was not ratified during the legislative session during which it was submitted. There are statutory deadlines for submission of a rule to the President of the Senate and Speaker of the House for ratification, but no deadline for the Legislature to act upon a rule submitted for ratification. <u>See</u> § 120.541(3), Fla. Stat.[3] Likewise there is no statutory requirement for the Board to withdraw a rule which has been adopted but not ratified. A subsequent Legislature could decide to ratify the rule. Thus, the procedural posture of the rule amendments here does not render this

---

[2] A subsequent rule was ratified in 2016. <u>See</u> Ch. 2016-203, Laws of Florida.
[3] Our holding is also consistent with the principle that the current Legislature cannot "bind the hands" of future Legislatures. <u>See</u> <u>Neu v. Miami Herald Pub. Co.</u>, 462 So. 2d 821, 824 (Fla. 1985); <u>Scott v. Williams</u>, 107 So. 3d 379, 389 (Fla. 2013); <u>Florida Carry, Inc. v. University of Florida</u>, 180 So. 3d 137, 146 (Fla. 1st DCA 2015).

appeal moot.

Considering the merits of the challenge to the ALJ's order, Appellants fail to establish any erroneous interpretation or application of law in the ALJ's ruling that the rule amendment was not an "invalid exercise" of the Board's delegated legislative authority, as defined in section 120.52(8), Florida Statutes. Nothing in the record of these extensive rulemaking proceedings shows that the Board failed to follow applicable rulemaking procedures or exceeded its rulemaking authority under sections 456.004(1) and 456.057(17), Florida Statutes. There has been no showing that the rule is vague or that it vests unbridled discretion in the Board. The ALJ's conclusion that the evidence "fails to establish that the proposed rule is an invalid exercise of delegated legislative authority, or is arbitrary or capricious as those terms are defined by section 120.52(8)," is clearly supported by the voluminous record of the multiple public hearings and Board meetings over the years of these rulemaking proceedings.

Finally, we find no basis to set aside the ALJ's final order on the other two issues raised by the Appellants and affirm without further comment.

Accordingly, the adopted rule 64B8-10.003 — although not effective — is still subject to ratification by the Legislature unless the rule is withdrawn. This appeal of the ALJ's final order is not moot, and the ALJ's final order is affirmed.

AFFIRMED.

7

WETHERELL and JAY, JJ., CONCUR.